**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRITTANY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 25-cv-09287 |
| | ) | |
| AMAZON.COM SERVICES LLC, | ) | Judge Steven C. Seeger |
| | ) | |
| Defendant. | ) | Magistrate Judge Jeannice W. Appenteng |

<u>AMENDED COMPLAINT</u>

NOW COMES Plaintiff, BRITTANY HARRIS, by and through her undersigned attorneys of the Law Offices of GOLDMAN & EHRLICH, CHTD., and as her Complaint against Defendant, AMAZON.COM SERVICES LLC, states as follows:

<u>NATURE OF THE ACTION</u>

This is an action alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981; violations of the Illinois Freelance Worker Protection Act, 820 ILCS 193/1, *et seq.*; breach of contract; and, in the alternative, promissory estoppel and unjust enrichment.

<u>JURISDICTION, VENUE, AND PARTIES</u>

1. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2. Venue is proper because Defendant conducts business in the Northern District of Illinois, and the acts giving rise to this action occurred therein.

3. Plaintiff, Brittany Harris, is a freelance visual designer who contracts with organizations to develop marketing and branding content. Plaintiff's race is African American.

4. Defendant, Amazon.com Services LLC, operates its MDW7 fulfillment center in Monee, Illinois.

BACKGROUND

5. On or around March 29, 2024, Chontol Cannon, a Human Resource Business Partner at Defendant's MDW7 facility, contacted Plaintiff to inquire about designing a mural for the facility.

6. The mural was part of Defendant's revitalization project at the MDW7 facility and intended to celebrate its diverse workforce through a Diversity, Equity, and Inclusion (DEI) theme.

7. In June 2024, Defendant, through Cannon, invited Plaintiff to visit the MDW7 facility to view the intended mural location.

8. On or around July 8, 2024, Plaintiff sent Defendant an estimated invoice for $10,000. *See* Exhibit 1.

9. On or around July 29, 2024, Plaintiff and Defendant agreed that Plaintiff would design and install the mural. In response to the estimate, Cannon informed Plaintiff that she had "approval from Finance to go ahead and start the project." *See* Exhibit 2, p. 1.

10. Plaintiff began designing the mural.

11. Although Plaintiff requested a written agreement, Defendant did not provide one. Cannon verbally informed Plaintiff that a purchase order was sufficient. Defendant did not issue the purchase order until August 7, 2024. *See* Exhibit 3. Plaintiff received no documentation beyond the purchase order.

12. On or around August 3, 2024, Plaintiff sent Defendant an invoice for the services she had performed. Defendant directed Plaintiff to its "Payee Central" portal.

13. On or around August 5, 2024, Plaintiff learned that Cannon was on military leave.

14. On or around August 6, 2024, another employee of Defendant reviewed Plaintiff's work, expressed approval, and requested design adjustments.

15. On or around August 7, 2024, Plaintiff submitted a revised invoice in response to Defendant's request for an itemized statement.

16. On or around September 8, 2024, Defendant rejected Plaintiff's invoice through its automated system, citing "incorrect approver" as the reason but offering no further explanation.

17. On or around September 26, 2024, Plaintiff submitted a "Request for Payment Resolution" through Payee Central.

18. On or around September 27, 2024, Defendant acknowledged its failure to pay Plaintiff through Payee Central.

19. However, on or around October 16, 2024, Defendant informed Plaintiff that it did not intend to pay the invoice.

20. On or around October 23, 2024, Plaintiff sent another demand for payment.

21. To date, Defendant has not paid Plaintiff for any of the work she performed under their agreement.

COUNT I – VIOLATION OF 42 U.S.C. § 1981 (RACE DISCRIMINATION)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. 42 U.S.C. § 1981 guarantees all persons in the United States the same right to make and enforce contracts as is enjoyed by white citizens, including the right to enjoy the benefits, privileges, terms, and conditions of contractual relationships.

25. Defendant did not treat white freelance workers in the same manner. Specifically, it did not fail to provide them with formal written contracts, withhold proper contact information to resolve payment disputes, or ignore their repeated attempts to obtain payment.

26. Plaintiff was qualified to perform the work and satisfactorily fulfilled her obligations under the contract.

27. Defendant subjected Plaintiff to adverse treatment and denied her the benefits of the contractual relationship because of her race.

28. Defendant's conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's federally protected rights.

29. As a direct and proximate result of Defendant's actions, Plaintiff suffered financial loss, emotional distress, reputational harm, and other damages.

COUNT II – VIOLATION OF THE ILLINOIS FREELANCE WORKER PROTECTION ACT

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

31. Plaintiff is a "freelance worker" as defined by the Illinois Freelance Worker Protection Act, 820 ILCS 193/5.

32. Defendant hired Plaintiff as an independent contractor to perform services in exchange for $17,926.00.

33. Defendant failed to pay Plaintiff the amount owed under their agreement.

34. Defendant also failed to reduce the agreement to a written contract that met the requirements of the Freelance Worker Protection Act.

35. As a result, Plaintiff suffered financial harm and other damages.

COUNT III – BREACH OF CONTRACT

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

39. On or around June 29, 2024, Plaintiff and Defendant entered into a valid and enforceable contract under which Plaintiff agreed to design and install a mural at Defendant's Monee, Illinois facility in exchange for $17,926.00.

40. Plaintiff fully performed her obligations under the agreement by beginning the design process, incorporating Defendant's feedback, and providing invoices as requested.

41. Defendant breached the contract by failing to pay Plaintiff for the services rendered, despite repeated requests and acknowledgments of its nonpayment.

42. As a direct and proximate result of Defendant's breach, Plaintiff suffered financial loss and other damages.

<u>COUNT IV – PROMISSORY ESTOPPEL (Pled in the Alternative)</u>

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

44. In the alternative to Count III, Defendant made clear and unambiguous promises that Plaintiff would be paid for her services, including through verbal representations from its Human Resources staff and approval from its Finance department to begin the work.

45. Relying on Defendant's promises, Plaintiff began designing the mural, visited Defendant's facility, incorporated requested edits, and submitted invoices.

46. Plaintiff's reliance on Defendant's promises was reasonable and expected.

47. Defendant failed to honor its promises by refusing to pay Plaintiff for her work.

48. As a result of her reasonable reliance, Plaintiff suffered financial harm and other damages. Injustice can only be avoided by enforcing Defendant's promises.

COUNT V – UNJUST ENRICHMENT (Pled in the Alternative)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

50. In the alternative to Counts III and IV, Defendant accepted the benefit of Plaintiff's services, including custom design work and proposed installation, without compensation.

51. Defendant was aware that Plaintiff was providing these services with the expectation of payment and accepted the benefit of her labor and designs without objection.

52. Under principles of equity and good conscience, Defendant should not be permitted to retain the benefits of Plaintiff's services without compensating her.

53. As a result of Defendant's unjust enrichment, Plaintiff has suffered financial loss and is entitled to restitution or damages in the amount of the reasonable value of her services.

WHEREFORE, Plaintiff BRITTANY HARRIS requests that this court enter a judgement in her favor against Defendant AMAZON.COM SERVICES LLC and that Plaintiff be awarded the following relief:

a) Pecuniary and non-pecuniary compensatory damages;

b) Statutory damages;

c) Punitive damages;

d) Reasonable attorney fees and costs of the suit; and

e) Any other and further relief as this Court deems just.

*Web Arnold*

Tad Weber Arnold of the Law Offices of Goldman & Ehrlich, Chtd., as Attorney for Plaintiffs, BRITTANY HARRIS

Jonathan C. Goldman
Tad Weber Arnold
Law Offices of Goldman & Ehrlich, Chtd.
53 W. Jackson Blvd., Suite 815
Chicago, IL 60604
(312) 332-6733
jon@goldmanehrlich.com
web@goldmanehrlich.com