**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRITTANY HARRIS<br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES LLC,<br>Defendant. | Case No. 1:25-cv-9287<br>Hon. Steven C. Seeger<br>Magistrate Judge Jeannice W. Appenteng |

## ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Amazon.com Services LLC ("Amazon") by and through its undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

## NATURE OF THE ACTION[1]

**This is an action alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981; violations of the Illinois Freelance Worker Protection Act, 820 ILCS 193/1, *et seq.*; breach of contract; and, in the alternative, promissory estoppel and unjust enrichment.**

**ANSWER:** Amazon admits that Plaintiff purports to bring claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Illinois Freelance Worker Protection Act, 820 ILCS 193/1, *et seq*. Amazon further admits that Plaintiff purports to bring common law claims for breach of contract or in the alternative, promissory estoppel and unjust enrichment. Amazon denies that Plaintiff is entitled to any type of remedy, relief, or damages under any of these claims. Amazon denies any remaining allegations described in the "Nature of the Action" section.

---

[1] For ease of reference only, this Answer incorporates the headings of the Complaint. Amazon does not construe the headings to constitute allegations of fact to which a response is required. If a response is required, Amazon denies any fact allegations in the headings.

## JURISDICTION, VENUE, AND PARTIES

**1. Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.**

**ANSWER:** Amazon admits Plaintiff has invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**2. Venue is proper because Defendant conducts business in the Northern District of Illinois, and the acts giving rise to this action occurred therein.**

**ANSWER:** Amazon admits venue is proper in this Court for the purposes of this action and that Amazon conducts business in the Northern District of Illinois. As to the remaining allegations in Paragraph 2, denied.

**3. Plaintiff, Brittany Harris, is a freelance visual designer who contracts with organizations to develop marketing and branding content. Plaintiff's race is African American.**

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and, therefore, denies those allegations.

**4. Defendant, Amazon.com Services LLC, operates its MDW7 fulfillment center in Monee, Illinois.**

**ANSWER:** Amazon admits that the "MDW7" facility is a fulfillment center located in Monee, Illinois. Amazon further admits it operates the MDW7 fulfillment center. As to the remaining allegations in Paragraph 4, denied.

## BACKGROUND

**5. On or around March 29, 2024, Chontol Cannon, a Human Resource Business Partner at Defendant's MDW7 facility, contacted Plaintiff to inquire about designing a mural for the facility.**

**ANSWER:** Amazon admits that on or around March 29, 2024, Chontol Cannon, a Human Resources Business Partner at the MDW7 fulfillment center, contacted Plaintiff to inquire about

designing a mural for the MDW7 fulfillment center. As to the remaining allegations in Paragraph 5, denied.

**6. The mural was part of Defendant's revitalization project at the MDW7 facility and intended to celebrate its diverse workforce through a Diversity, Equity, and Inclusion (DEI) theme.**

**ANSWER:** Denied.

**7. In June 2024, Defendant, through Cannon, invited Plaintiff to visit the MDW7 facility to view the intended mural location.**

**ANSWER:** Amazon admits that Plaintiff visited the MDW7 fulfillment center in June 2024. As to the remaining allegations in Paragraph 7, denied.

**8. On or around July 8, 2024, Plaintiff sent Defendant an estimated invoice for $10,000. *See* Exhibit 1.**

**ANSWER:** Amazon states that the document referenced in Paragraph 8 as Exhibit 1 speaks for itself. As to the remaining allegations in Paragraph 8, denied.

**9. On or around July 29, 2024, Plaintiff and Defendant agreed that Plaintiff would design and install the mural. In response to the estimate, Cannon informed Plaintiff that she had "approval from Finance to go ahead and start the project." *See* Exhibit 2, p. 1.**

**ANSWER:** Amazon states that the email referenced in Paragraph 9 as Exhibit 2 speaks for itself. As to the remaining allegations in Paragraph 9, denied.

**10. Plaintiff began designing the mural.**

**ANSWER:** Denied.

**11. Although Plaintiff requested a written agreement, Defendant did not provide one. Cannon verbally informed Plaintiff that a purchase order was sufficient. Defendant did not issue the purchase order until August 7, 2024. *See* Exhibit 3. Plaintiff received no documentation beyond the purchase order.**

**ANSWER:** Amazon states that the email referenced in Paragraph 11 as Exhibit 3 speaks for itself. As to the remaining allegations in Paragraph 11, denied.

**12. On or around August 3, 2024, Plaintiff sent Defendant an invoice for the services she had performed. Defendant directed Plaintiff to its "Payee Central" portal.**

**ANSWER:** Denied.

**13. On or around August 5, 2024, Plaintiff learned that Cannon was on military leave.**

**ANSWER:** Denied.

**14. On or around August 6, 2024, another employee of Defendant reviewed Plaintiff's work, expressed approval, and requested design adjustments.**

**ANSWER:** Amazon admits that on or around August 6, 2024, Patrice Northern reviewed Plaintiff's mural proposal and emailed Plaintiff with requested design adjustments to Plaintiff's mural proposal. As to the remaining allegations in Paragraph 14, denied.

**15. On or around August 7, 2024, Plaintiff submitted a revised invoice in response to Defendant's request for an itemized statement.**

**ANSWER:** Amazon admits that on or around August 7, 2024, Plaintiff submitted an invoice. As to the remaining allegations in Paragraph 15, denied.

**16. On or around September 8, 2024, Defendant rejected Plaintiff's invoice through its automated system, citing "incorrect approver" as the reason but offering no further explanation.**

**ANSWER:** Amazon admits that on or around September 8, 2024, Plaintiff received a notice that an invoice she submitted was rejected due to an "incorrect approver." As to the remaining allegations in Paragraph 16, denied.

**17. On or around September 26, 2024, Plaintiff submitted a "Request for Payment Resolution" through Payee Central.**

**ANSWER:** Admitted.

**18. On or around September 27, 2024, Defendant acknowledged its failure to pay Plaintiff through Payee Central.**

**ANSWER:** Denied.

**19. However, on or around October 16, 2024, Defendant informed Plaintiff that it did not intend to pay the invoice.**

**ANSWER:** Denied.

**20. On or around October 23, 2024, Plaintiff sent another demand for payment.**

**ANSWER:** Admitted.

**21. To date, Defendant has not paid Plaintiff for any of the work she performed under their agreement.**

**ANSWER:** Denied.

**COUNT I – VIOLATION OF 42 U.S.C. § 1981 (RACE DISCRIMINATION)**

**23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.**

**ANSWER:** Amazon incorporates by reference its responses to each of the above paragraphs as though fully set forth herein.

**24. 42 U.S.C. § 1981 guarantees all persons in the United States the same right to make and enforce contracts as is enjoyed by white citizens, including the right to enjoy the benefits, privileges, terms, and conditions of contractual relationships.**

**ANSWER:** Amazon admits Plaintiff accurately paraphrases the "Statement of Equal Rights" and definition for "Make and Enforce Contracts" provided in 42 U.S.C. § 1981(a) and (b). Amazon denies that it violated any of the above-described rights guaranteed by 42 U.S.C. § 1981.

**25. Defendant did not treat white freelance workers in the same manner. Specifically, it did not fail to provide them with formal written contracts, withhold proper contact information to resolve payment disputes, or ignore their repeated attempts to obtain payment.**

**ANSWER:** Denied.

**26. Plaintiff was qualified to perform the work and satisfactorily fulfilled her obligations under the contract.**

**ANSWER:** Denied.

**27. Defendant subjected Plaintiff to adverse treatment and denied her the benefits of the contractual relationship because of her race.**

**ANSWER:** Denied.

**28. Defendant's conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's federally protected rights.**

**ANSWER:** Denied.

**29. As a direct and proximate result of Defendant's actions, Plaintiff suffered financial loss, emotional distress, reputational harm, and other damages.**

**ANSWER:** Denied.

**COUNT II – VIOLATION OF THE ILLINOIS FREELANCE WORKER PROTECTION ACT**

**30. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.**

**ANSWER:** Amazon incorporates by reference its responses to each of the above paragraphs as though fully set forth herein.

**31. Plaintiff is a "freelance worker" as defined by the Illinois Freelance Worker Protection Act, 820 ILCS 193/5.**

**ANSWER:** Amazon lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "freelance worker" within the meaning of the Illinois Freelance Worker Protection Act, 820 ILCS 193/5. Insofar as a responsive pleading to Paragraph 31 is required, denied.

**32. Defendant hired Plaintiff as an independent contractor to perform services in exchange for $17,926.00.**

**ANSWER:** Denied.

**33. Defendant failed to pay Plaintiff the amount owed under their agreement.**

**ANSWER:** Denied.

**34. Defendant also failed to reduce the agreement to a written contract that met the requirements of the Freelance Worker Protection Act.**

**ANSWER:** Denied.

**35. As a result, Plaintiff suffered financial harm and other damages.**

**ANSWER:** Denied.

## COUNT III – BREACH OF CONTRACT

**38. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.**[2]

**ANSWER:** Amazon incorporates by reference its responses to each of the above paragraphs as though fully set forth herein.

**39. On or around June 29, 2024, Plaintiff and Defendant entered into a valid and enforceable contract under which Plaintiff agreed to design and install a mural at Defendant's Monee, Illinois facility in exchange for $17,926.00.**

**ANSWER:** Denied.

**40. Plaintiff fully performed her obligations under the agreement by beginning the design process, incorporating Defendant's feedback, and providing invoices as requested.**

**ANSWER:** Denied.

**41. Defendant breached the contract by failing to pay Plaintiff for the services rendered, despite repeated requests and acknowledgments of its nonpayment.**

**ANSWER:** Denied.

**42. As a direct and proximate result of Defendant's breach, Plaintiff suffered financial loss and other damages.**

**ANSWER:** Denied.

## COUNT IV – PROMISSORY ESTOPPEL (Pled in the Alternative)

**43. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.**

**ANSWER:** Amazon incorporates by reference its responses to each of the above paragraphs as though fully set forth herein.

**44. In the alternative to Count III, Defendant made clear and unambiguous promises that Plaintiff would be paid for her services, including through verbal representations from its Human Resources staff and approval from its Finance department to begin the work.**

---

[2] The Complaint omits numbered Paragraphs 36 and 37. For clarity, this Answer incorporates the numbering used in the Complaint and, therefore, "Paragraph 38" refers to the Complaint's 36th sequential paragraph.

**ANSWER:** Amazon admits that the promissory estoppel claim is pled in the alternative to Count III. Except as expressly admitted, Amazon denies the remaining allegations of Paragraph 44.

**45. Relying on Defendant's promises, Plaintiff began designing the mural, visited Defendant's facility, incorporated requested edits, and submitted invoices.**

**ANSWER:** Denied.

**46. Plaintiff's reliance on Defendant's promises was reasonable and expected.**

**ANSWER:** Denied.

**47. Defendant failed to honor its promises by refusing to pay Plaintiff for her work.**

**ANSWER:** Denied.

**48. As a result of her reasonable reliance, Plaintiff suffered financial harm and other damages. Injustice can only be avoided by enforcing Defendant's promises.**

**ANSWER:** Denied.

## COUNT V – UNJUST ENRICHMENT (Pled in the Alternative)

**49. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.**

**ANSWER:** Amazon incorporates by reference its responses to each of the above paragraphs as though fully set forth herein.

**50. In the alternative to Counts III and IV, Defendant accepted the benefit of Plaintiff's services, including custom design work and proposed installation, without compensation.**

**ANSWER:** Amazon admits that the unjust enrichment claim is pled in the alternative to Counts III and IV. Amazon denies the remaining allegations of Paragraph 50.

**51. Defendant was aware that Plaintiff was providing these services with the expectation of payment and accepted the benefit of her labor and designs without objection.**

**ANSWER:** Denied.

**52. Under principles of equity and good conscience, Defendant should not be permitted to retain the benefits of Plaintiff's services without compensating her.**

**ANSWER:** Denied.

**53. As a result of Defendant's unjust enrichment, Plaintiff has suffered financial loss and is entitled to restitution or damages in the amount of the reasonable value of her services.**

**ANSWER:** Denied.

WHEREFORE, Plaintiff BRITTANY HARRIS requests that this court enter a judgement in her favor against Defendant AMAZON.COM SERVICES LLC and that Plaintiff be awarded the following relief:

a) Pecuniary and non-pecuniary compensatory damages;

b) Statutory damages;

c) Punitive damages;

d) Reasonable attorney fees and costs of the suit; and

e) Any other and further relief as this Court deems just.

**ANSWER:** Amazon acknowledges Plaintiff's requests following the "WHEREFORE" clause in the Complaint, but it denies that Plaintiff is entitled to any type of remedy, relief, or damages, including the relief requested therein.

## DEFENSES AND RESERVATION OF RIGHTS

Without conceding that it bears the burden of proof or persuasion as to any one of them, Amazon asserts the following separate defenses to the Complaint:

1. Some or all of Plaintiff's claims, in whole or in part, are barred because Amazon was not motivated by any impermissible motive in any decision or action concerning Plaintiff. Amazon affirmatively pleads that it would have made the

same decisions or taken the same actions in the absence of any impermissible motive.

2. Some or all of Plaintiff's claims, in whole or in part, are barred because Amazon's challenged conduct is justified by legitimate, non-discriminatory business reasons not related to Plaintiff's race or any other alleged protected category.

3. Amazon consistently maintained, implemented, and enforced its workplace policy against discrimination.

4. Plaintiff's claims, in whole or in part, are barred because no valid contract exists or existed between Amazon and her, and Amazon never retained Plaintiff for her services.

5. Plaintiff's claims, in whole or in part, are barred because she never completed a mural at the MDW7 fulfillment center and therefore did not confer any benefit on Amazon.

6. Plaintiff's claims, in whole or in part, are barred because Amazon was not aware that Plaintiff conferred any benefit upon it with the expectation of payment.

7. Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff failed to mitigate her damages or otherwise avoid harm.

8. Amazon cannot be liable for punitive damages to Plaintiff because any wrongful conduct that Plaintiff may prove to have suffered was contrary to Amazon's good-faith efforts to comply with the law and because Amazon did not act with malice or reckless indifference to Plaintiff's legally protected rights.

9. Plaintiff's claims, in whole or in part, are barred to the extent it is based on law other than the governing law contained in any agreement between Plaintiff and Amazon.

**WHEREFORE**, Amazon respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Amazon, and award Amazon its costs, including reasonable attorneys' fees and such other relief as this Court may deem just and appropriate.

Dated: April 21, 2026

Respectfully Submitted,

By: */s/ Sari M. Alamuddin*

Sari M. Alamuddin
Laura Mahoney
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel.: +1.312.324.1000
Fax: +1.312.324.1001
sari.alamuddin@morganlewis.com
laura.mahoney@morganlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, the foregoing pleading was electronically filed with the Clerk of the Court which will send notification of such filing to counsel who have appeared in the case and who have registered for such notification.

*/s/ Sari M. Alamuddin*
Attorney for Defendant